**UNITED STATES ex rel. RAY, U. S. Atty., v. PORTER, Commissioner of Finance of Idaho.**

District Court, D. Idaho, S. D. October 18, 1926.

No. 1296.

Banks and banking ⊙➡80(7)—Bankruptcy of bank, entitling government to priority in deposits held shown, where bank was administered by state officer, directors and stockholders acquiescing (31 USCA § 191).

In suit by the United States to recover deposit by postmaster of postal funds in an insolvent bank, bankruptcy of bank was shown where state officer was in possession administering its affairs by virtue of affirmative action on part of governing body of institution, or with acquiescence of board of directors and stockholders, within meaning of Rev. St. § 3466 (31 USCA § 191), entitling United States to priority as to deposit therein; formal assignment of estate of bank to state officer authorized to liquidate insolvent banking institutions being unnecessary.

In Equity. Suit by the United States, on the relation of H. E. Ray, United States Attorney for the District of Idaho, against E. W. Porter, Commissioner of Finance of Idaho. On defendant's motion to dismiss the complaint. Motion overruled.

See, also, 19 F.(2d) 541, 24 F.(2d) 137, 139.

H. E. Ray, U. S. Dist. Atty., and Sam S. Griffin, Asst. U. S. Dist. Atty., both of Boise, Idaho, for plaintiff.

John R. Becker, of Lewiston, Idaho, and Oppenheim & Lampert, of Boise, Idaho, for defendant.

DIETRICH, District Judge. A motion is interposed by the defendant challenging the sufficiency of the complaint. He concedes that the allegations of insolvency are adequate, and the questions submitted relate to the sufficiency of the averments of an act of bankruptcy to bring the case within the provisions of the United States Revised Statutes, § 3466 (31 USCA § 191). He relies mainly upon the case of United States v. Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 67 L. Ed. 638, and upon antecedent cases. More recent decisions of the Supreme Court have, I think, very greatly limited what at first I had assumed to be the fair implications of the Oklahoma Case. See Bramwell v. United States F. & G. Co. (Jan. 11, 1926) 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368, United States v. Butterworth-Judson Corporation (Jan. 11, 1926) 269 U. S. 504, 46 S. Ct. 179, 70 L. Ed. 380, and Price v. United States (Jan. 11, 1926) 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373. A careful review and analysis of these cases may also be found in a decision by District Judge Elliott in the case of United States v. First State Bank of Phillip, S. D. (July 22, 1926) 14 F.(2d) 543. In view of these decisions, I am inclined to think the bill states facts sufficient to entitle the plaintiff to relief. They seem to establish the principle that it is not essential to constitute an act of bankruptcy that the estate of an insolvent bank be formally assigned to the state officer who is authorized by law to liquidate insolvent banking institutions. From them all I gather that if, either with affirmative formal action upon the part of the governing body of the insolvent institution, or with the acquiescence of the board of directors and stockholders, the estate is taken possession of and administered by the state officer, that fact is sufficient to bring the case within the intent and meaning of section 3466. In that view the complaint states facts sufficient.

The question is suggested whether or not, by reason of a deposit by a postmaster of postal funds in an insolvent bank, the latter becomes indebted to the United States, but I do not think the question is so clearly presented upon the face of the bill that it should be decided, in all of its phases, at this juncture. By the averments of the bill, I am

inclined to think a prima facie showing is made that the insolvent estate is so indebted within the meaning of the section referred to. Accordingly the motion to dismiss will be denied.

Substantially the same questions are presented in Nos. 1233, 1234, 1235, 1236, 1237, 1238, 1246, 1247, 1248, 1249, 1250, 1251, and 1291, all between the same parties, and submitted, together with No. 1296, by the same counsel and upon the same argument.

An order will therefore be entered in each of these cases overruling the motion.